### RESSLER v. HIRSHIRE.

1. **Highway:** ESTABLISHMENT OF: COUNTY AUDITOR. The filing of objections to the establishment of a highway, or claims for damages, deprives the auditor of jurisdiction in the matter, which must stand continued until the next session of the board of supervisors. Where claims for damages only are filed, their payment before the day set for final hearing by the auditor will not authorize him to proceed and establish the highway.

*Appeal from Johnson District Court.*

TUESDAY, DECEMBER 9.

MANDAMUS to compel defendant, who is the auditor of the county, to establish an alteration in a road, as asked for in proceedings instituted by plaintiff. There was a judgment for defendant; plaintiff appeals. The facts of the case appear in the opinion.

*George B. Edmonds* and *Younkin & Younkin*, for appellant.

*Boal & Jackson*, for appellee.

BECK, CH. J.—A petition was filed by plaintiff in the office of the county auditor asking for a change of a road, and

1. HIGHWAY: establishment: county auditor.

proper proceedings were had thereon by the appointment of a commissioner, etc. A claim of damages was filed which was paid before noon of the day appointed for final hearing by the auditor, and the case was continued to the next session of the board of supervisors. The plaintiff insists that it was the duty of the auditor, instead of continuing the case, to establish the change asked for and to compel the performance of such duty. Upon the facts above stated the District Court held that the filing of the claim for damages deprived the auditor of jurisdiction to establish the road, and that he correctly continued the case for action by the board of supervisors. Other facts in the case do not appear, as the abstract does not present all the testimony submitted upon the trial.

We think the decision of the District Court upon the point ruled is correct. The Code contains the following provisions:

"Sec. 937. If no objections or claims for damages are filed on or before noon of the day fixed for filing the same, and the auditor is satisfied the provisions of the preceding section have been complied with, he shall proceed to establish such high-way as recommended by the commissioner, upon the payment of costs. * * * * *.

"Sect. 939. If objections to the establishment of the high-way or claims for damages are filed, the further hearing of the application shall stand continued to the next session of the board of supervisors, held after the commissioners appointed to assess damages have reported."

The provision is explicit and provides that upon the filing of a claim for damages the case shall be reserved for decision by the supervisors. The object of the statute is to withhold from the auditor authority to determine any question of fact or law, other than those which may arise when no objections are made to the road and no claims for damages are filed. The auditor is the mere clerk of the supervisors, and is clothed with no powers except those expressly conferred by the statute. Sec. 939 forbids him to act in cases wherein claims for damages are filed.

It is insisted by counsel for plaintiff that as the claim for damages in the case was paid, jurisdiction in the case remained in the auditor, or was restored to him. The position is in direct conflict with both the letter and spirit of section 939. The payment of the damages may not remove all questions of law and facts arising upon the claim for an assessment of damages. The claimant may contest the correctness of the assessment and the damages may be increased or diminished. Sec. 946. Now in case of an issue upon the assessment the trial cannot be had before the auditor. Nor, surely, can it be claimed that, by the payment of the damages as assessed, the auditor may establish the road without permitting the claim-ant to contest the correctness of the assessment and sufficiency of the damages allowed. If the position of counsel for plain-tiff be correct, the auditor may either determine all issues made

upon the assessment or may establish the road without a hearing upon such issues; neither result is in accord with the law. Other questions of law and fact may arise upon the payment of the damages, which should be presented to the supervisors, who are clothed with authority to determine them.

It is no answer to this argument to say that no question of the kind indicated arose in the case after the payment of damages. The rule, however, is made to meet cases wherein such questions may arise; it is applicable to all cases.

The decision of the District Court must be

AFFIRMED.